Ryan M. Best
ISB #6792
BEST LAW, PLLC
905 W. Riverside Ave. Ste 409
Spokane, WA 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| MARK and CLARISSA MEAD, individually and in their marital community; GERALD and CAROLE GRIFFIN, individually and in their marital community; VINCENT and WENDY POMPONI, individually and in their marital community; BORIS and RACHAEL VRBETA, individually; and THE ESTATE OF BORIS VRBETA, | Case No. **COMPLAINT FOR DAMAGES** **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| vs. | |
| STATE OF IDAHO; BONNER COUNTY; DAN MCDONALD, individually and in his representative capacity; and JEFF CONNOLLY, individually and in his representative capacity, | |
| Defendant. | |

COMPLAINT-1

Come now Plaintiffs, and by way of Complaint against Defendants allege as follows:

## I. PARTIES

1. Plaintiffs are residents of Idaho, except Vincent and Wendy Pomponi, who are residents of Washington State.

2. In compliance with Title 6, Chapter 9, Idaho Code, the undersigned herby presents suit against the State of Idaho for damages arising out of the occurrence detailed below.

3. Defendant Bonner County is a political subdivision of Idaho.

4. Bonner County, as  a political subdivision of Idaho, is subject to federal or state jurisdiction and is not immune to suit based on its conduct in this matter.

5. The individual Defendants were, at all times pertinent to this action, Commissioners of Bonner County.

6. Bonner county is vicariously liable for all acts and ommissions of the individual Defendants and/or through agency/acting in concert and/or partnership.

7. The State of Idaho, Dan McDonald, Jeff Connolly, and Bonner County are joint actors in regard to the acts and ommissions listed below.

8. Jurisdiction is appropriate in this Court under 28 U.S.C. §1391(b).

9. Plaintiffs seek recovery under 42 U.S.C. §1983 and thus original federal subject matter jurisdiction is present in this matter.

## II.      JURISDICTION AND VENUE

10. The Court has federal-question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the suit arises under federal law, and supplemental jurisdiction over Plaintiff's Idaho state law claim under 28 U.S.C. § 1367(a).

11. Plaintiffs exhausted administrative remedies. Plaintiffs served a Notice of Tort Claim against all Defendants.

12. The United States District Court for Idaho has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 28 U.S.C. § 1367(a).

13. Plaintiffs have complied with all legal pre-requisites in the bringing of the action.

### III.    FACTS

14. Plaintiffs attach the tort claim of Vrbeta as Exhibit A and incorporate all facts, causes of action, and exhibits to that tort claim as if set forth fully verbatim herein.

15. Plaintiff Boris Vrbeta suffered severe injury due to the actions and inactions of Defendants.

16. Plaintiffs attache the tort claim of Vincent and Wendy Pompani as Exhibit B and incorporate all facts, causes of action, and exhibits to that tort claim as if set forth fully verbatim herein.

17. The Pomponi's and Meadsuffered loss of use of their home, wather damage, lack of access to prorperty, due to physical and regulatory takings.

18. The harm to the marketability to the Pomponi's property is permanent.

19. Plaintiffs attach the tort claim of Gerald and Carole Griffin as Exhibit C and incorporate all facts, causes of action, and exhibits to that tort claim as if set forth fully verbatim herein.

20. The Meads suffered injury and damange to Dr. Mark Mead's chiropractic practice.

21. The injuries to each Plaintiff is caused by common action.

22. Plaintiffs attach the tort claim of Mark and Clarissa Mead as Exhibit D and incorporate

all facts, causes of action, and exhibits to that tort claim as if set forth fully verbatim

herein.

## IV.   CLAIMS FOR RELIEF

**COUNT ONE: VIOLTATION OF THE SUSTANTIVE AND PROCEDURAL DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BY AND THROUGH 42 U.S.C. § 1983**

23.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 as if set forth

fully verbatim herein.

24. The Fourteenth Amendment to the United States Constitution guarantees that no "State

[shall] deprive any person of life, liberty, or property, without due process of law; nor

deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const,

amend. XIV, § 1, cl. 3.

25. Defendants of this 42 U.S.C. §1983  are state/government actors and as such are required

to provide due process of law when depriving citizens of their property right to

employment.

26. Bonner County, Dan McDonald, and Jeff Connolly, as set out above and below in this

Complaint, committed numerous acts under color of state law in a manner that violated

the rights of the Plaintiff under federal statutes and the United States Constitution.

27. The deprivations of Plaintiffs' federal rights by Defendants were made intentionally,

recklessly, and/or with deliberate indifference to Plaintiffs' federal rights and proximately

caused Plaintiffs damages in an amount to be proven at trial.

28. The rights granted to Palintiffs by Defendants' personnel polocies, procedures, and

contracts and by federal and state. laws and policies, provided Plaintiffs with a property

interest. Said property interest is protected by the Fourteenth Amendment to the United

States Constitution.

29. 42 U.S.C. § 1983 prohibits a governmental entity, such as the Defendants, from acting under color of law to deprive the Plaintiffs of any rights, privileges, or immunities secured by the United States Constitution and federal law.

30.  To prevail on a § 1983 claim, the Plaintiffs must prove two essential elements: (1) they were deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Redman v. County of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). See also 42 U.S.C. § 1983.

31. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

32. The Fourteenth Amendment mandates that a governmental entity may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. "The purpose of this clause is 'to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" PG Pub. Co. v. Aichele, 705 F.3d 91, 114 (3d Cir. 2013) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)).

33. In a 42 U.S.C. § 1983 claim for deprivation of constitutional rights, claimant is entitled to seek nominal damages, even in the absence of specific injury: "as distinguished from punitive and compensatory damages, nominal damages are awarded to vindicate rights, the infringement of which has not caused actual, provable injury." Cummings v. Connell,

402 F.3d 936 (9th Cir. 2005).

34. Further, "Compensatory damages may include not only out-of-pocket loss, and other monetary harms, but also such injuries as 'impairment of reputation…, personal humiliation, and mental anguish and suffering." Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974)).

35. Moreover, punitive damages are available even in the absence of compensatory damages, if the requisite standard for punitive damages is met. See e.g. Erwin v. Cty. Of Manitowoc, 872 F.2d 1292 (7th Cir. 1989); Sahagian v. Dickey, 827 F.2d 90 (7th Cir. 1987). Punitive damages can be awarded when the jury has awarded no compensatory or at least nominal damages to a plaintiff. Erwin, 872 F.2d at 1299. Punitive damages are applicable even in the absence of actual damages, Sahagian, 827 F.2d at 100. Although state law may not allow punitive damages without a compensatory award, under federal law, when a jury finds a constitutional violation under a § 1983 claim, it may award punitive damages even when it does not award compensatory damages. Erwin, 872 F.2d at 1299. The scope of punitive damages in § 1983 actions is governed by the "federal common law of damages" which imposes uniformity when enforcing the Civil Rights Acts. Id. (citing Lenard v. Argento, 699 F.2d 874, 897 (7th Cir. 1983) and Basista v. Weir, 340 F.2d 74, 87 (3d Cir. 1965)).

36. To bring a cause of action in federal court the plaintiff must only establish that there is a "threatened or actual injury resulting from the putatively illegal action...." Warth v. Seldin, 422 U.S. 490, 499 (1975), quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973).

## COUNT TWO: PHYSICAL AND REGULATORY TAKINGS

37. The State of Idaho and Bonner County's actions detailed in Exhibits A-D constitute physical and regulatory takings in violation of the United States and Idaho Constitutions, particularly, but not limited to 1) Idaho Constitution Article 1, Section 1, Article 1 Section 14, Article XVIII, Secton 11, and Article XXI Section 20 and 2) the 14th Amendment of the United States and substantive due process under *Bivens*.

## COUNT THREE: BREACH OF CONTRACT/THIRD-PARTY BENEFICIARY

38. Plaintiffs asset breach of contract against the State of Idaho, Bonner County, and individual Defendants.

39. Plaintiffs were an intended and foreseeable third party beneficiaries of the contracts and agreement reached between the State, County, and individual actors as detailed in attachments incorporated herein to this Complaint.

40. Plaintiffs seek specific performance of all contracts to restore the functioning of the roadway.

## COUNT FOUR: NEGLIGENCE/NEGLIGENT SUPERVISION

41. The Defendants, in the alternative, acted negligently in harming the Plaintiffs, individually and as to their real property, by their actions detailed in Exhibits A-D attached to this Complaint.

## V. PRAYER FOR RELIEF

Plaintiff respectfully prays that this Honorable Court enter and Order granting Plaintiff all remedies available by law, including but not limited to an award of:

(a)      pecuniary losses suffered as a result of the wrongful acts of the Defendants, to include but not limited to property value losses, personal injuries, bridge repair, replacement, lost profits, lost wages, loss of use of property, declaratory relief, pre-judgment and post judgment interest and actual personal and real property damages;

(b)      compensatory damages suffered by Plaintiffs as a result of retaliation as well as punitive damages to the extent allowed under the law;

(c)      costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon;

(d)      Plaintiffs seek specific performance of all contracts to restore the functioning of the roadway;

(e)      all other damages allowed in law or in equity; and

(f)      such other and further relief as the Court deems just or equitable.

DATED this _____ day of November 2018.

BEST LAW, PLLC

_s/ Ryan M. Best_____
Ryan M. Best, WSBA 33672
905 West Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Fax: (509) 703-7957
Email:  ryan.best@bestlawspokane.com
*Attorney for plaintiff*

COMPLAINT-8